```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                       WESTERN DIVISION


EASTER PRATER                                          PLAINTIFF

VS.                             CIVIL ACTION NO. 5:13-cv-23(DCB)(MTP)

WILKINSON COUNTY, MISSISSIPPI;
WILKINSON COUNTY, MISSISSIPPI
BOARD OF SUPERVISORS; WILL SEAL;
BILL BANKSTON; and JENNINGS NETTLES                   DEFENDANTS
```

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on defendants Will Seal, Bill Bankston and Jennings Nettles (herein collectively referred to as "the individual defendants" or "the defendants")'s Motion to Dismiss Federal Constitutional Claims Against Them in Their Individual Capacities Based Upon Qualified Immunity **(docket entry 8)**. Having carefully considered the motion and the plaintiff's response, the memoranda of the parties and the applicable law, and being fully advised in the premises, the Court finds as follows:

The plaintiff, Easter Prater, alleges in her Complaint, <u>inter alia</u>, that defendants Will Seal, Bill Bankston and Jennings Nettles, in their individual capacities, violated her rights under the United States Constitution. Specifically, the plaintiff asserts that the defendants violated her First Amendment rights by purportedly firing her for speaking out on behalf of the Wilkinson County Democratic Executive Committee. Complaint, ¶¶ 17-25. Further, the plaintiff contends that the defendants violated her Fourteenth Amendment right to Equal Protection by paying her less

than male and Caucasian workers. Complaint, ¶¶ 36-38. The defendants contend that the plaintiff has failed to meet the "heightened pleading" standard specified by the Fifth Circuit when claims are alleged against an official in his or her individual capacity, citing Wicks v. Mississippi State Employment Svcs., 41 F.3d 991, 995 (5th Cir. 1995).

The defendants' motion is brought pursuant to Fed.R.Civ.P. 12(b)(6). The ultimate issue in a Rule 12(b)(6) motion is whether the plaintiff's complaint states a valid claim when viewed in the light most favorable to the plaintiff. Great Plains Trust Co. v. Morgan Stanley Dean Witter, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). The Court is not to strain to find inferences favorable to the plaintiff, nor is it to accept conclusory allegations, unwarranted deductions, or legal conclusions. R2 Invs. LDC v. Phillips, 401 F.3d 638, 642 (5th Cir. 2005). The Court does not evaluate the plaintiff's likelihood of success. Instead, it tests the sufficiency of the allegations in the complaint to determine whether they are adequate to state a claim upon which relief can be granted. Mann v. Adams Realty Co., 556 F.2d 288, 293 (5th Cir. 1977).

Although the defendants characterize their motion as one for failure to state a claim under Rule 12(b)(6), they answered the

plaintiff's complaint prior to the filing of their motion to dismiss; therefore, their qualified immunity motion is correctly one for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c). See Johnson v. Anderson, 2004 WL 1908212, *1 (N.D. Tex. August 25, 2004).  However, the standard for deciding a motion for judgment on the pleadings under Rule 12(c) is the same as that under Rule 12(b)(6).  See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 330 n.8 (5th Cir. 2002)("Rule 12(b)(6) decisions appropriately guide the application of Rule 12(c) because the standards for deciding motions under both rules are the same.").

Government officials who perform discretionary functions are entitled to the defense of qualified immunity, which shields them from suit as well as liability for civil damages, if their conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known."  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  Defendant officials must affirmatively plead the defense of qualified immunity.  Gomez v. Toledo, 446 U.S. 635, 640 (1980).  The three individual defendants pled qualified immunity in their Answer (see Answer, "Fourth Defense," p. 2).

The Supreme Court has set forth a two-part inquiry for determining whether a government official is entitled to qualified immunity.  In Saucier v. Katz, 533 U.S. 194 (2001), the Court

3

instructed that the first inquiry requires a determination of whether the facts alleged or shown are sufficient to make out a violation of a constitutional or federal statutory right. Id. at 201. If the facts are insufficient, no further inquiry is necessary; however, if the plaintiff sufficiently pleads or establishes that a violation could be made out, the second inquiry must be made, requiring a determination of whether the right at issue was clearly established at the time of the government official's alleged misconduct. Id. The Supreme Court subsequently relaxed this mandatory sequence in Pearson v. Callahan, 555 U.S. 223 (2009), instructing that "while the sequence set forth [in Saucier] is often appropriate, it should no longer be regarded as mandatory," and judges "should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Id. at 236.

The Fifth Circuit has also explained that the second prong of the analysis "is better understood as two separate inquiries: whether the allegedly violated constitutional right [was] clearly established at the time of the incident; and if so, whether the conduct of the defendant [official] was objectively unreasonable in light of then clearly established law." Tarver v. City of Edna, 410 F.3d 745, 750 (5th Cir. 2005)(internal quotation marks and citations omitted).

4

Ordinarily, a defendant pleading an affirmative defense must establish his entitlement to the defense.  However, in the context of qualified immunity the Fifth Circuit has provided the following rule:

> Where ... [a] defendant pleads qualified immunity and shows he is a government official whose position involves the exercise of discretion, the plaintiff then has the burden to rebut this defense by establishing that the official's allegedly wrongful conduct violated clearly established federal rights; our precedent places that burden upon plaintiffs.

Pierce v. Smith, 117 F.3d 866, 871-72 (5th Cir. 1997).  In addition,

> When a public official pleads the affirmative defense of qualified immunity in his answer, the district court may, on the official's motion or on its own, require the plaintiff to reply to that defense in detail.  By definition, the reply must be tailored to the assertion of qualified immunity and fairly engage its allegations.  A defendant has an incentive to plead his defense with some particularity because it has the practical effect of requiring particularity in the reply.

Schultea v. Wood, 47 F.3D 1427, 1433 (5th Cir. 1995).  To overcome a qualified immunity motion, the plaintiff is required to "allege specific conduct giving rise to a constitutional violation." Cranford v. Payne, 2006 WL 2701273, *4 (S. D. Miss. Aug. 23, 2006). "The standard requires more than mere conclusory assertions alone to overcome the qualified immunity defense."  Id.  "Moreover, the plaintiff must plead specific facts with a level of particularity so that they would, if proved, warrant the relief she seeks." Burns-Toole v. Byrne, 11 F.3d 1270, 1274 (5th Cir. 1994).

The plaintiff's Complaint fails to meet the applicable

5

heightened pleading standards. The facts alleged in the Complaint regarding her First Amendment claim are (1) that she was terminated from her job as Deputy Justice Court Clerk by the Wilkinson County Board of Supervisors for political reasons (¶ 16); (2) that she vigorously sought to have Democratic candidates elected to office in the general elections in Wilkinson County, and spoke publicly about the need to elect Democratic candidates (¶¶ 21, 23); (3) that most of the Democratic candidates who were elected to office in the general elections were African-Americans (¶ 22); and (4) that the defendants opposed the plaintiff speaking out publicly about the need to elect Democratic candidates (¶ 24). Regarding her Fourteenth Amendment claim, the plaintiff alleges (1) that she was paid for regular time by Wilkinson County, but was not paid for overtime despite the fact that she worked more than 40 hours per week (¶¶ 28-29); (2) that she filed a complaint with the Board of Supervisors protesting its refusal to pay her overtime (¶ 33); (3) the defendants have paid male workers overtime (¶ 36); and (4) the defendants have paid Caucasian workers overtime (¶ 37).

It is not enough for the plaintiff to allege "mere conclusionary statements evidencing only a personal belief that the defendants were motivated by an impermissible animus." Burns-Toole, 11 F.3d at 1274. Instead, claims of specific conduct and actions giving rise to a constitutional violation are required. Baker v. Putnal, 75 F.3d 190, 195 (5th Cir. 1996). Like her

Complaint, the plaintiff's two memoranda in response to the motion to dismiss also fail to provide enough specificity to overcome the defendants' qualified immunity defense. However, the plaintiff requests leave to file a Rule 7(a) Reply as authorized by <u>Schultea</u>. The Court shall therefore allow the plaintiff to file a Rule 7(a) Reply to the individual defendants' Motion to Dismiss.

Accordingly,

IT IS HEREBY ORDERED that the plaintiff shall file a Reply pursuant to Rule 7(a) of the Federal Rules of Civil Procedure, addressing the qualified immunity defense asserted by Will Seal, Bill Bankston and Jennings Nettles, on or before November 29, 2013;

FURTHER ORDERED that the individual defendants' Motion to Dismiss **(docket entry 8)** is DENIED without prejudice. The individual defendants may resubmit a motion to dismiss on the basis of qualified immunity pursuant to Fed.R.Civ.P. 12(c), or a motion for summary judgment pursuant to Fed.R.Civ.P. 56, if they so choose after the plaintiff has filed her Rule 7(a) Reply, or if the plaintiff fails to file a Rule 7(a) Reply.

SO ORDERED, this the 5th day of November, 2013.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE