IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

EASTER PRATER                                                    PLAINTIFF

VS.                                CIVIL ACTION NO. 5:13-cv-23(DCB)(MTP)

WILKINSON COUNTY, MISSISSIPPI;
WILKINSON COUNTY, MISSISSIPPI
BOARD OF SUPERVISORS; WILL SEAL;
BILL BANKSTON; and JENNINGS NETTLES                              DEFENDANTS

MEMORANDUM OPINION AND ORDER

This cause is before the Court on defendants Wilkinson County, Mississippi ("the County"), and Will Seal, Bill Bankston and Jennings Nettles ("the individual defendants")'s Motion to Dismiss Plaintiff's State Law Claims **(docket entry 11)**.  Having carefully considered the motion and the plaintiff's response, the memoranda of the parties and the applicable law, and being fully advised in the premises, the Court finds as follows:

The moving defendants seek dismissal of the plaintiff's state law claims pursuant to Fed.R.Civ.P. 12(b)(6), which requires the Court to accept "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff."  Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  In order to overcome a Rule 12(b)(6) motion, the plaintiff

must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555 (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. In examining the sufficiency of a complaint, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. If, however, there are any "well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

Although the defendants characterize their motion as one for failure to state a claim under Rule 12(b)(6), they answered the plaintiff's complaint prior to the filing of their motion to dismiss; therefore, their motion is correctly one for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c). Doe v. Myspace, 528 F.3d 413, 418 (5th Cir. 2008). However, the standard for deciding a motion for judgment on the pleadings under Rule 12(c) is the same as that under Rule 12(b)(6). See Great Plains Trust Co. v. Morgan

Stanley Dean Witter & Co., 313 F.3d 305, 330 n.8 (5th Cir. 2002)("Rule 12(b)(6) decisions appropriately guide the application of Rule 12(c) because the standards for deciding motions under both rules are the same.").

The plaintiff, Easter Prater, alleges in her Complaint that she was terminated from her job as a deputy justice court clerk in Wilkinson County, Mississippi, on February 29, 2012. Complaint, ¶ 16. She further alleges that she was terminated for speaking out publicly about the need for voters to elect democratic candidates to public office in Wilkinson County. Complaint, ¶¶ 25, 40-41, 45-46. The plaintiff asserts state law claims against the County and the individual defendants for (1) unlawful abridgment of her right to freedom of speech under the Mississippi Constitution and state common law (¶ 41), (2) negligence (¶ 45), and (3) gross negligence (¶ 46).

The plaintiff's state law claims are governed exclusively by the Mississippi Tort Claims Act ("MTCA"), Miss. Code Ann. § 11-46-1, et seq. See City of Tupelo v. Martin, 747 So.2d 822, 826 (Miss. 1999). Under the MTCA, sovereign immunity is waived for the State of Mississippi and its political subdivisions; however, this waiver is subject to numerous limitations, restrictions and exceptions. See Miss. Code Ann. § 11-46-9.

The MTCA provides the exclusive remedy against a governmental entity or its employee, Miss. Code Ann. § 11-46-7(1), and "[a]ny

claim filed against a governmental entity and its employees (for monetary relief) must be brought under [the] statutory scheme" of the Act. Lang v. Bay St. Louis/Waveland Sch. Dist., 764 So.2d 1234, 1236 (Miss. 1999). The Act also sets forth procedures a claimant must follow in order to assert a claim against a government entity or its employee, as follows:

> After all procedures within a governmental entity have been exhausted, any person having a claim for injury arising under the provisions of this chapter against a governmental entity or its employee shall proceed as he might in any action at law or in equity; provided, however, that ninety (90) days prior to maintaining an action thereon, such person shall file a notice of claim with the chief executive officer of the governmental entity.

Miss. Code Ann. § 11-46-11(1).

The notice of claim must be in writing and must contain (1) a short and plain statement of the facts upon which the claim is based, including the circumstances which brought about the injury; (2) the extent of the injury; (3) the time and place the injury occurred; (4) the names of all persons known to be involved; (5) the amount of money damages sought; (6) the residence of the person making the claim at the time of the injury; and (7) the residence of the person making the claim at the time of filing the notice. Miss. Code Ann. § 11-46-11(2)(b).

The plaintiff argues that a September 28, 2012, letter she sent suffices as her notice of claim. This letter, from plaintiff's counsel to Jennings Nettles, President of the Wilkinson

4

County Board of Supervisors, contains the following:

> Please be advised that my firm has been retained to represent Ms. Ester [sic] Prater in prosecuting her claim for back wages and damages against the Wilkinson County, Mississippi Board of Supervisors. Ms. Prater has worked overtime for Claiborne [sic] County, Mississippi for more than 20 years without being paid overtime. Furthermore, Ms. Prater has been paid in a discriminatory manner when compared to male and white county employees.
>
> Ms. Prater has been informed that the Board of Supervisors is willing to offer her $60,000.00 in back wages. However, we calculate her back wages at about $200,000.00 plus accumulated interest. Furthermore, Ms. Prater has been injured and damaged by the county's discriminatory employment practices. Therefore, Ms. Prater rejects the county's offer to settle her claims for $60,000.00. Ms. Prater is willing to negotiate a fair settlement.

Letter of September 28, 2012.

Mississippi law requires "substantial compliance" with the notice requirements of § 11-46-11(2). Lee v. Memorial Hosp. at Gulfport, 999 So.2d 1263, 1266 (Miss. 2009). "What constitutes substantial compliance, while not a question of fact but one of law, is a fact-sensitive determination." Carr v. Town of Shubuta, 733 So.2d 261, 263 (Miss. 1999). The purpose of the notice requirements is "to insure that governmental boards, commissioners, and agencies are informed of claims against them. Such notice encourages entities to take corrective action as soon as possible when necessary; encourages pre-litigation settlement of claims; and encourages more responsibility by these agencies." Reaves ex rel. Rouse v. Randall, No. 97-CA-00982-SCT, 1999 Miss. LEXIS 151, *11 (Miss. March 26, 1999).

Prater's notice of claim makes no mention of her claim for unlawful abridgment of her right to freedom of speech under the Mississippi Constitution and state common law. Although "substantial compliance" is a more lenient standard than "strict compliance," it is not synonymous with no compliance at all. See Cameron v. Wall, 2010 WL 55938, *3 (S.D. Miss. Jan. 4, 2010). Since the letter fails to include any of the required information as to the plaintiff's "freedom of speech" claim, it is not in substantial requirement with the Act, and the claim must be dismissed.

Similarly, the letter makes no mention of any negligence or gross negligence claims. The only claim mentioned is one for overtime payments, which falls under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. ("FLSA"). According to the letter, the parties had begun settlement negotiations on the plaintiff's FLSA claim. No mention is made of any state law claims. The Court therefore finds that the negligence and gross negligence claims must also be dismissed for failure to comply with the notice requirements of the MTCA.

The individual defendants also move for dismissal of all state law claims against them in their individual capacities. Individual employees of the state acting in the course and scope of their employment have no personal liability for acts covered by the MTCA. Only the state, subdivisions of the state, and municipalities are

6

proper parties under the MTCA.  See Miss. Code Ann. § 11-46-7(2); Moore v. Carroll County, 960 F.Supp. 1084, 1091 (N.D. Miss. 1997)(noting that the defendant employee would "escape liability if his actions were within the course and scope of his employment").

"There is a rebuttable presumption that any act or omission within the time and in the place of employment is considered to be within the course and scope of such employment." Patton v. Hinds County Juvenile Detention Center, 2011 WL 2912897, *5 (S.D. Miss. July 18, 2011)(citing Stingley v. Smith, 844 So.2d 448, 452 (Miss. 2003); Fisher v. Talton, 2007 WL 853441, *3 (S.D. Miss. 2007)); see also Miss. Code Ann. § 11-46-5(3).  Under Mississippi law, in order to show that the individual defendants acted outside the course and scope of their employment, the plaintiff must show that the defendants committed "fraud, malice, libel, slander, defamation or any other criminal offense."  Miss. Code Ann. § 11-46-7(2); see also § 11-45-5(2).

The plaintiff alleges only negligence, gross negligence, and an infringement of "free speech" rights by the defendants. Furthermore, nowhere does Prater explicitly suggest that the defendants were acting outside the course and scope of their employment.  None of the allegations in the Complaint are sufficient to overcome the immunity of the Supervisors in their individual capacities pursuant to the MTCA.  Therefore, the individual defendants are entitled to dismissal of the state law

claims against them in their individual capacities.

Accordingly,

IT IS HEREBY ORDERED that defendants Wilkinson County, Mississippi, Will Seal, Bill Bankston, and Jennings Nettles' Motion to Dismiss Plaintiff's State Law Claims **(docket entry 11)** is GRANTED;

FURTHER ORDERED that all state law claims against Wilkinson County, Mississippi, are dismissed;

FURTHER ORDERED that all state law claims against Will Seal, Bill Bankston, and Jennings Nettles in both their official and individual capacities are dismissed.

SO ORDERED, this the 5th day of November, 2013.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE