IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION


Easter Prater                                              PLAINTIFF


VS.                              CIVIL ACTION NO: 5:13-cv-23-DCB-MTP


WILKINSON COUNTY, MISSISSIPPI;
WILKINSON COUNTY, MISSISSIPPI
BOARD OF SUPERVISORS; WILL SEAL;
BILL BANKSTON; and JENNINGS NETTLES                        DEFENDANTS

ORDER GRANTING MOTION FOR LEAVE TO AMEND
COMPLAINT AND DENYING MOTION TO DISMISS

        This cause is before the Court on Defendants', Bill Bankston,
Jennings Nettles, and Will Seal, Motion to Dismiss **[docket entry
no. 25]** and Plaintiff's Motion for Extension of Time to File Reply
Brief **[docket entry no. 27],** Motion to Amend/Correct Complaint
**[docket entry no. 28],** and Motion to File Reply Brief Out of Time
**[docket entry no. 30].** Having considered the motions and responses,
applicable statutory and case law, and being otherwise fully
informed in the premises, the Court finds as follows:

                    I. Factual and Procedural History

        Plaintiff Easter Prater initiated this action on February 20,
2013 alleging seven counts of violations of her rights against
Wilkinson County and members of its Board of Supervisors. Compl. p.
6-7, ECF No. 1. Defendants Bill Bankston, Jennings Nettles, and
Will Seal filed their first motion to dismiss Prater's federal

1

constitutional claims against them in their individual capacities based on qualified immunity on March 21, 2013. Mot. Dismiss, ECF No. 8. The Court entered an Order denying without prejudice this motion and ordering Prater to file "a Reply pursuant to Rule 7(a) of the Federal Rules of Civil Procedure, addressing the qualified immunity defense asserted by [the defendants], on or before November 29, 2013." Order p. 7, ECF No. 23. Because Prater did not thereafter file a timely reply, Bankston, Nettles, and Seal renewed their motion to dismiss. Mot. Dismiss, ECF No. 25.

Prater has since filed three motions to overcome the renewed motion: (1) motion for extension of time to file a reply, (2) motion to amend complaint, and (3) motion to file reply out of time. Because Prater attached no exhibits to her motion to amend, the Court ordered Prater to submit a proposed amended complaint. Order p. 1, ECF No. 35. Prater timely filed her proposed amended complaint, and Bankston, Nettles, and Seal thereafter submitted two supplemental briefs, both arguing that Prater's filing did not cure the original complaint's deficiencies. Rebuttal, ECF No. 37; Resp. Opp., ECF No. 38.

## II. Analysis

### A. Motions for Extension of Time and Leave to File Out of Time

Prater filed two motions, docketed distinctly, requesting permission from this Court to file her court-ordered reply brief out of time. See Mot. Extension of Time to File Reply Brief, Mot.

Extension of Time to File Resp./Reply as to Order on Mot. Dismiss ("Mot. 1"), ECF No. 27; Mot. Extension of Time to File Reply Brief Out of Time ("Mot. 2"), ECF No. 30. The texts of these motions are identical. The motions argue that Prater should be allowed to submit her reply brief out of time because she "mistakenly overlooked the portion of [this Court's] Order" ordering Prater to submit a reply brief. Mot. 1 p. 1; Mot. 2 p. 1. Prater attached her proposed reply brief as an exhibit to one of the motions. See Mot. 1 Ex. A, ECF No. 27-1.

In it, Prater admitted that she "failed to allege what words and actions were spoken and taken by each defendant which formed the basis of" her constitutional claims and "recognize[d] that [her complaint] might not have met the [heightened pleading] requirement". Mot. 1 Ex. A p. 2. She then uses her proposed reply brief to request leave to amend her complaint and to argue why amendment should be allowed. Mot. 1 Ex. A p. 2-3.

Because Prater's three motions all request what is ultimately the same relief, the Court will deny Prater's motions to file a reply brief out of time and for an extension of time and focus its attention on Prater's motion for leave to amend.

B. Motion to Amend Complaint

A party may amend its pleadings, not as a matter of course, only with either the written consent of the opposing party or by leave of court. Fed. R. Civ P. 15(a)(2). Because the defendants

oppose Prater's motion to amend, she requires the Court's leave. "The court should freely give leave when justice so requires." Id. The Supreme Court has stated five circumstances when leave should not be given: (1) undue delay, (2) bad faith or dilatory motive on the part of the movant, (3) repeated failure to cure deficiencies by amendments previously allowed, (4) undue prejudice to the opposing party by virtue of allowance of the amendment, and (5) futility of amendment. Foman v. Davis, 371 U.S. 178, 182 (1962).

The Court finds that none of the first four circumstances are applicable to this case, and the defendants do not argue that they are in their response to Prater's motion. Whether Prater should be granted leave to amend turns on the remaining circumstance: futility of amendment. "An amendment is futile if the amended complaint is subject to dismissal under Rule 12(b)(6) for failure to state a claim upon which relief could be granted." Black Farmers & Agriculturalists Ass'n, Inc. v. Hood, No. 3:13cv763, 2014 WL 935147, at *6 (S.D. Miss. Mar. 10, 2014) (citing Stripling v. Jordan Prod. Co., 234 F.3d 863, 873 (5th Cir. 2000)).

Concerning Prater's initial complaint, the Court previously found:

> The plaintiff's Complaint fails to meet the applicable heightened pleading standards. The facts alleged in the Complaint regarding her First Amendment claim are (1) that she was terminated from her job as Deputy Justice Court Clerk by the Wilkinson County Board of Supervisors for political reasons; (2) that she vigorously sought to have Democratic candidates elected to office in the general elections in Wilkinson County, and spoke publicly

4

> about the need to elect Democratic candidates; (3) that most of the Democratic candidates who were elected to office in the general elections were African-Americans; and (4) that the defendants opposed the plaintiff speaking out publicly about the need to elect Democratic candidates. Regarding her Fourteenth Amendment claim, the plaintiff alleges (1) that she was paid for regular time by Wilkinson County, but was not paid for overtime despite the fact that she worked more than 40 hours per week; (2) that she filed a complaint with the Board of Supervisors protesting its refusal to pay her overtime; (3) the defendants have paid male workers overtime; and (4) the defendants have paid Caucasian workers overtime.

Order p. 5-6, ECF No. 23 (internal citations omitted). The Court also stated that Prater needed "claims of specific conduct and actions giving rise to a constitutional violation" for her complaint to survive, Order p. 6, ECF No. 23 (citing Baker v. Putnal, 75 F.3d 190, 195 (5th Cir. 1996)), and could not "allege 'mere conclus[ory] statements evidencing only a personal belief that the defendants were motivated by an impermissible animus,'" Id. (quoting Burns-Toole v. Byrne, 11 F.3d 1270, 1274 (5th. Cir. 1994)).

Prater's proposed amended complaint is substantially similar to her original complaint, and the Court identifies five changes made: (1) the elimination of the Wilkinson County Board of Supervisors as a party;[1] (2) minor stylistic changes to the description of the defendants' capacity related to Wilkinson County; (3) the addition of two paragraphs in the section related

---

[1] See Order p. 1, ECF No. 22 (dismissing "the Wilkinson County Board of Supervisors [because it] is not a political subdivision subject to suit").

to Prater's exhaustion of administrative remedies; (4) the addition of one paragraph to the facts section;  and (5) the removal of Prater's claims for common law negligence and gross negligence.[2]

In their supplemental briefs, filed without leave of court, Bankston, Nettles, and Seal argue that these changes render Prater's amendment futile. Leave of court is required to file an additional brief because "the movant is generally entitled to file the last pleading." Ponder Research Grp., LLP v. Aquatic Navigation, Inc., No. 4:09cv332, 2009 WL 2868456, at *13 (N.D. Tex. Sep. 4, 2009); see also Pierce v. The Clarion Ledger, 433 F. Supp. 2d 754, 760 n.7 (S.D. Miss. 2006). And those filed without leave need not be considered by a court. Strausbaugh v. Bank of Am., No. 1:12cv317, 2013 WL 416260, at *1 (S.D. Miss. Feb. 1, 2013) (". . . Plaintiff did not request or receive leave of Court to file a surrebuttal, and this document is therefore not properly before the Court."). Because these briefs are not properly before the Court, they will not be considered.

Given the great favor bestowed on leave to amend, the Court will grant Prater's motion for leave to amend and her proposed amended complaint will be filed immediately.

---

[2] See Order p. 6-8, ECF No. 24 (dismissing state law claims for negligence and gross negligence for failure to comply with requirements of the Mississippi Tort Claims Act). Although Prater's claim for free speech violations under the Mississippi Constitution remains in paragraph forty-three of her proposed amended complaint, it has also been dismissed. See Order p. 6, ECF No. 24.

C. Motion to Dismiss

Filing "[a]n amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." Stewart v. City of Houston Police Dep't, 372 F. App'x 475, 478 (5th Cir. 2010) (quoting King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994)). Prater's amended complaint does not adopt or incorporate her original complaint. Because a motion to dismiss is not a responsive pleading, Whitaker v. City of Houston, Tex., 963 F.2d 831, 834-35 (5th Cir. 1992), when the complaint it addresses has been rendered of no legal effect, the motion to dismiss becomes moot. See e.g., Reyna v. Deutsche Bank Nat. Trust Co., 892 F. Supp. 2d 829, 834 (W.D. Tex. 2012) (citing Smallwood v. Bank of Am., No. 3:11cv1283, 2011 WL 4941044 at *1 (N.D. Tex. Oct. 17, 2011)).

Because Prater has been granted leave to amend her complaint, the Court finds that the motion to dismiss based on qualified immunity is rendered moot. The defendants may refile their motion.

III. Order

IT IS HEREBY ORDERED that the plaintiff's Motion for Extension of Time to File Reply Brief to Individual Defendants' Motion to Dismiss Constitutional Claims, Motion for Extension of Time to File Response/Reply as to Order on Motion to Dismiss Granting Plaintiff 7 Days from November 5, 2013 **[docket entry no. 27]** is DENIED.

7

FURTHER ORDERED that plaintiff's Motion for Extension of Time to File Plaintiff's Reply Brief Out of Time **[docket entry no. 30]** is DENIED.

FURTHER ORDERED that plaintiff's Motion to Amend/Correct Complaint **[docket entry no. 28]** is GRANTED.

FURTHER ORDERED that plaintiff's Proposed Amended Complaint will be filed immediately by the Clerk's Office as plaintiff's Amended Complaint.

FURTHER ORDERED that the defendants' Motion to Dismiss Federal Constitutional Claims Against Them in Their Individual Capacities Based Upon Qualified Immunity **[docket entry no. 25]** is DENIED without prejudice as MOOT.

SO ORDERED this the 28th day of October 2014.

 /s/ David Bramlette
UNITED STATES DISTRICT JUDGE