IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

EASTER PRATER                                          PLAINTIFF

VS.                            CIVIL ACTION NO: 5:13-cv-23-DCB-MTP

WILKINSON COUNTY, MISSISSIPPI;
WILKINSON COUNTY, MISSISSIPPI BOARD OF
SUPERVISORS; WILL SEAL; BILL; BANKSTON; and
JENNINGS NETTLES                                       DEFENDANTS

<u>ORDER GRANTING MOTION TO DISMISS</u>

This cause is before the Court on Defendants', Bill Bankston, Jennings Nettles, and Will Seal, Motion to Dismiss **[docket entry no. 43]**. Having carefully considered the motion and response, applicable statutory and case law, and being otherwise fully informed in the premises, the Court finds as follows:

I. Factual and Procedural Background

Plaintiff Easter Prater began working for Defendant Wilkinson County, Mississippi, ("the County") on July 3, 1992. While she initially worked only as a dispatcher for the Wilkinson County Sheriff's Department, in 1997 Prater began a second full-time job as a Deputy Justice Court Clerk. Although Prater still works as a dispatcher, on February 29, 2012, she was terminated from her position as Deputy Justice Court Clerk by the Wilkinson County Board of Supervisors ("the Board") for what she alleges were political reasons. Prater alleges that her involvement in the

1

Wilkinson County, Mississippi Democratic Executive Committee ("the Executive Committee") and her complaint to the Wage and Hour Division of the U.S. Department of Labor over overtime pay were the reasons for her termination.[1] Defendants Bill Bankston, Jennings Nettles, and Will Seal ("the Board Members") are members of the Board.

Prater is an African-American female, and through her work with the Executive Committee, she advocated for the election of Democratic candidates. A majority of the candidates whom the Executive Committee helped elect were also African-American. The Board Members are all Caucasian males. Prater claims that the Board Members were opposed to her political advocacy and opposed her public support of political candidates.

Further, Prater claims that she did not receive overtime pay while her white male colleagues did. Prater filed a complaint with the Department of Labor on December 17, 2012, alleging a lack of overtime pay from 1997 through February 29, 2012. She further alleges that every paycheck from that period represents a new and

---

[1] Prater does not advance this second reason specifically in her complaint but rather does so in her response to the motion to dismiss. See Resp. ¶ 13, ECF No. 45. The Court will examine it because it relies on the same facts as the complaint, and, as the United States Supreme Court has recently stated, the Federal Rules of Civil Procedure "do not countenance dismissal of a [claim] for imperfect statement of the legal theory supporting the claim asserted." Johnson v. City of Shelby, Miss., 135 S. Ct. 346, 346 (2014) (holding that plaintiffs did not need to specifically invoke 28 U.S.C. § 1983 in their complaint). The facts have not changed; merely, Prater's organization of them.

continuous violation of the federal overtime laws.

Prater filed her first complaint in federal court on February 20, 2013, alleging both federal and state law causes of action including violations of her freedom of speech, violations of wage and hour laws, violation of equal pay laws, violation of her equal protection rights, negligence and gross negligence. Compl., ECF No. 1. On March 21, 2013, the Board Members filed their first motion to dismiss Prater's federal claims based on qualified immunity and simultaneously a motion to stay this case under Local Uniform Civil Rule 16(b)(3)(B) and a motion to dismiss all of Prater's state law claims. See Mot. Dismiss Federal Constitutional Claims, ECF No. 8; Mot. Stay Case, ECF No. 10; Mot. Dismiss State Law Claims, ECF No. 11. On April 2, 2013, this case was stayed. Order, ECF No. 19. On November 5, 2013, the Court dismissed all of the state law claims but denied the motion to dismiss the federal claims. See Order, ECF No. 23 (denying without prejudice motion to dismiss federal claims); Order, ECF No. 24 (dismissing state law claims). Instead the Court ordered Prater to submit a Schultea reply.[2] Order p. 7, ECF No. 23.

Prater failed to submit the ordered reply brief, prompting the Board Members to renew their motion to dismiss on March 28, 2014.

---

[2] See Schultea v. Wood, 47 F.3d 1427, 1433-34 (5th Cir. 1995) (holding that "the court may, in its discretion, insist that a plaintiff file a reply tailored to an answer pleading the defense of qualified immunity").

Mot. Dismiss, ECF No. 25. Realizing her error, Prater then filed multiple motions arguing that the Court should allow her to put additional facts before the Court. See Mot. Extension of Time, ECF No. 27; Motion to Amend/Correct, ECF No. 28; Mot. File Out of Time, ECF No. 30. The Court ordered Prater to submit a proposed amended complaint, Order, ECF No. 35, and eventually, on October 28, 2014, granted her motion to file an amended complaint and again denied the motion to dismiss without prejudice, Order, ECF No. 39 (denying Prater's other pending motions, as well, and lifting stay).

Prater filed her amended complaint on October 29, 2014, and the Board Members for the third time moved to dismiss her federal claims based on qualified immunity on November 12, 2014. See Mot. Dismiss, ECF No. 43. On November 26, the Board Members moved again to stay the case pending the outcome of their qualified immunity defense motion. Mot. Stay Case, ECF No. 49. On December 4, 2014, the parties participated in a case management conference before Magistrate Judge Michael T. Parker, and after the conference the motion to stay was granted. Order, ECF No. 51.

This case has now been pending before the Court for almost two years, and for the overwhelming majority of that time, the discovery and disclosure deadlines normally attached to a civil lawsuit have been stayed.

## II. Analysis

The Board Members have moved to dismiss Prater's federal

4

constitutional claims against them in their individual capacities for failure to state a claim under Federal Rule of Civil Procedure Rule 12(b)(6).[3] None of Prater's other claims against the Board Members or the County, including her claims against them in their official capacities and her claims for unpaid overtime, are at stake in this motion.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation omitted). The plaintiff must plead sufficient facts so that the Court may reasonably infer the defendant's liability for the alleged misconduct. Id. "[A] plaintiff armed with nothing more than conclusions cannot unlock the doors of discovery." Doe v. Robertson, 751 F.3d 383, 393 (5th Cir. 2014) (internal quotations omitted).

When a defendant raises the defense of qualified immunity, it creates a heightened pleading standard. See Schultea, 46 F.3d at 1430 (finding "that nothing in Leatherman[ v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit, 507 U.S. 163 (1993),]

---

[3] The Court notes that the Board Members answered the complaint before filing their motion to dismiss. Answer, ECF No. 41. Therefore, it is unclear whether the Board Members are making this motion under Federal Rule of Civil Procedure 12(b)(6) or Rule 12(c). However, this is a distinction without a difference because both motions are governed by the same substantive standard. Guidry v. Am. Public Life Ins. Co., 512 F.3d 177, 180 (5th Cir. 2007) (citing In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007)).

disturbed our holding in Elliot v. Perez, 751 F.2d 1472 (5th Cir. 1985), that complaints in [cases involving the qualified immunity of individual defendants] be pled with factual detail and particularity"). "Heightened pleading requires allegations of fact focusing specifically on the conduct of the individual who caused the plaintiff['s] injury." Reyes v. Sazan, 168 F.3d 158, 161 (5th Cir. 1999). "To overcome the qualified immunity defense at the pleading stage, [a plaintiff] must allege that the objectionable conduct violated a right that was 'clearly established at the time,'" Morgan v. Swanson, 755 F.3d 757, 759 (5th Cir. 2014) (quoting Pearson v. Callahan, 555 U.S. 223, 227 (2009)), and was not "objectively reasonable in light of clearly established law," Nunez v. Simms, 341 F.3d 385, 387 (5th Cir. 2003).

The Court will look at Prater's claims under the First Amendment and Fourteenth Amendment separately.

A. First Amendment Retaliation Claim

For Prater to recover for a free speech retaliation claim, she must satisfy four elements: "(1) the plaintiff must suffer an adverse employment decision; (2) the plaintiff's speech must involve a matter of public concern; (3) the plaintiff's interest in commenting on matters of public concern must outweigh the defendant's interest in promoting efficiency; and (4) the plaintiff's speech must have motivated the defendant's actions." Finch v. Fort Bend Indep. Sch. Dist., 333 F.3d 555, 563 (5th Cir.

2003). In satisfaction of these elements, Prater argues

> (1) she was fired from her second job, (2) for speaking
> out about getting Democrats, who happened to be black,
> elected to office to affect public policy and complaining
> about not being paid overtime when white male employees
> were paid overtime, (3) her interest in commenting on the
> matter of public concern outweighed the defendants'
> interest in promoting efficiency, and (4) her speech
> motivated the defendants' action in firing her.

Mem. Opp. p. 8, ECF No. 46. The Board Members do not argue that
Prater has failed to make out a prima facie case of First Amendment
retaliation, but rather they argue that she has not met her burden
under the heightened pleading standard. Mem. Supp. p. 6-7, ECF No.
44. The Court assumes arguendo that Prater has stated a First
Amendment retaliation claim, but the Court previously found that
the allegations in Prater's initial complaint "fail[ed] to meet the
applicable heightened pleading standard." Order p. 5-6, ECF No. 23.
In granting her motion to amend, the Court found that "Prater's []
amended complaint is substantially similar to her original
complaint[] and identifie[d] five changes." Order p. 5, ECF No. 39.
But none of these changes relate to her First Amendment claim.
Therefore, the Court finds that Prater has failed to meet the
heightened pleading standard on this claim.

Prater now argues that the heightened pleading standard should
not apply to this claim based on a decision from the Ninth Circuit
holding that "[w]here the constitutional tort does not require an
inquiry into the defendant's state of mind, . . . the heightened
pleading standard is inapplicable." See Mendocino Envtl. Ctr. v.

7

Mendocino Cnty., 14 F.3d 457, 462 (9th Cir. 1994). Another district court in the Fifth Circuit has already considered the ruling in Mendocino and rejected it as incongruent with Fifth Circuit law. See Todd v. Hawk, 861 F. Supp. 35, 37 (N.D. Tex. 1994), reversed on other grounds 72 F.3d 443 (5th Cir. 1995). Although some case law may suggest further abrogation of the heightened pleading standard,[4] the Fifth Circuit has continued to apply it in cases of qualified immunity against government officers in their individual capacity,[5] and the Court is bound to follow controlling precedent.

Prater has not alleged any specific conduct by the Board

---

[4] See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 513 (2002) ("[C]omplaints in [employment discrimination] cases, as in most others, must satisfy only the simple requirements of Rule 8(a)."); see also Stewart v. Jackson Cnty., Miss., No. 1:07cv1270, 2008 WL 4724051, at *1 (S.D. Miss. Oct. 25, 2008) ("'Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions,' none of which applies to section 1983 actions." (quoting Swierkiewicz, 534 U.S. at 512)).

[5] See Floyd v. City of Kenner, La., 351 F. App'x 890, 893 & n.2 (5th Cir. 2009) (per curiam) ("In reviewing [section 1983 claims against police officers], we are guided by both the ordinary pleading standard and by a heightened one . . . . We emphasize that this heightened pleading standard applies only to claims against public officials in their individual capacities."); Morgan v. Hubert, 335 F. App'x 466, 469 (5th Cir. 2009) (per curiam) ("We apply the heightened pleading standard announced in Schultea v. Wood" in a section 1983 claim against a prison warden in his individual capacity.); Burge v. Stalder, 54 F. App'x 793, at *3 (5th Cir. 2002) (per curiam) ("In the face of the assertion by a defendant public official of the defense of qualified immunity, a § 1983 plaintiff must comply with a heightened pleading standard."); but see Cox v. Kaelin, 577 F. App'x 306, 312-13 (5th Cir. 2014) (per curiam) (suggesting that application of the heightened pleading standard in a section 1983 claim would be a misreading of Schultea).

Members. Therefore, because Prater provided no additional factual allegations in her amended complaint to bolster her Fist Amendment claim against the Board Members in their individual capacity, the Court finds that this claim will be dismissed.

B. Fourteenth Amendment Disparate Treatment Claim

Prater characterizes her Fourteenth Amendment claim as one for disparate treatment. Mem. Opp. p. 9. "Disparate treatment refers to deliberate discrimination in the terms or conditions of employment, in this case [overtime pay], on account of race, national origin, or gender." Munoz v. Orr, 200 F.3d 291, 299 (5h Cir. 2000). To recover on a theory of disparate treatment,[6] Prater must plead: (1) membership in a protected class, (2) that she was qualified for the position, (3) that she was subject to adverse employment action, and (4) she "was treated less favorably because of [her] membership in that protected class than were other similarly situated employees who were not members of the protected class, under nearly

---

[6] Prater cites to some cases that list the elements for a disparate treatment claim under Title VII instead of Section 1983, but the different statutory citation is irrelevant. "Section 1983 and [T]itle VII are parallel causes of action[,]" and "the inquiry into intentional discrimination is essentially the same for individual actions brought under sections 1981 and 1983, and Title VII." Lauderdale v. Tex. Dep't of Criminal Justice, Inst'l Div., 512 F.3d 157, 166 (5th Cir. 2007). And when a claim is brought under either Section 1983 or Title VII, "the elements of the substantive cause of action are the same under both statutes." Rivera v. City of Wichita Falls, 665 F.2d 531, 534 n.4 (5th Cir. 1982), abrogation on other grounds recognized by Carroll v. Gen. Accident Ins. Co. of Am., 891 F.2d 1174, 1176 (5th Cir. 1990).

identical circumstances."[7] <u>Lee v. Kansas City So. Ry. Co.</u>, 574 F.3d 253, 259 (5th Cir. 2009). The Court assumes <u>arguendo</u> that Prater has made out a <u>prima facie</u> disparate treatment claim in her amended complaint.

Prater, however, concedes that her equal protection claim is subject to heightened pleading. Mem. Opp. p. 9. In her amended complaint, Prater added one additional allegation relevant to this claim:

> The defendants have deliberately and intentionally paid male Caucasian workers overtime when the Caucasian workers have worked more than 40 hours a week and intentionally and deliberately failed and refused to pay plaintiff, a black worker, overtime pay when the plaintiff has worked more than 40 hours a week.

Amended Compl. ¶37, ECF No. 40. The Court must determine whether this new allegation, read alongside the rest of the amended complaint, provides sufficient "factual detail and particularity" and not mere conclusory allegations. See <u>Anderson v. Pasadena</u>

---

[7] Prater asserts in her briefing that she "must plead that (1) she is a member of a protected class, (2) she was treated differently from others similarly situated, and (3) there was no rational basis for the disparate treatment." Mem. Opp. p. 9 (citing <u>Stotter v. Univ. of Tex. at San Antonio</u>, 508 F.3d 812, 824 (5th Cir. 2007)). But these elements are for an equal protection claim under the "class of one" theory. See <u>Village of Willowbrook v. Olech</u>, 528 U.S. 562, 564 (2000). The United States Supreme Court later held that the "class of one" theory "is simply a poor fit in the public employment context" and eliminated its application. <u>Engquist v. Or. Dep't of Agric.</u>, 553 U.S. 591, 604-05 (2008); <u>see also</u>, <u>Chestang v. Alcorn Sate Univ.</u>, 820 F. Supp. 2d 772, 780 (S.D. Miss. 2011) (holding that <u>Engquist</u> eliminated "class of one" claims only in the context of public employment). Because Prater was a public employee, she cannot use the "class of one" theory.

<u>Indep. Sch. Dist.</u>, 184 F.3d 439, 443 (5th Cir. 1999). This new allegation is insufficient to meet the heightened pleading standard in this case. Because Prater has not alleged any specific conduct by the Board Members, the Court finds she has not "assert[ed] specific facts that, if true, would overcome the defense." <u>Fisher v. Dallas Cnty.</u>, 299 F.R.D. 527, 532 (N.D. Tex. 2014) (citing <u>Morin v. Caire</u>, 77 F.3d 116, 120 (5th Cir. 1996)). Therefore, the Court will dismiss Prater's Fourteenth Amendment claim against the Board Members in their individual capacities.

C. No Additional <u>Schultea</u> Reply

In <u>Schultea v. Wood</u>, 47 F.3d 1427 (5th Cir. 1995), the Fifth Circuit created a two-step procedure for a plaintiff to meet the heightened pleading requirement arising when a defendant asserts the defense of qualified immunity.

> First, the district court must insist that a plaintiff suing a public official under § 1983 file a short and plain statement of his complaint, a statement that rests on more than conclusions alone. Second, the court may, in its discretion, insist that a plaintiff file a reply tailored to an answer pleading the defense of qualified immunity. Vindicating the immunity doctrine will ordinarily require such a reply, and a district court's discretion not to do so is narrow indeed when greater detail might assist.

<u>Id.</u>, at 1433-34. "<u>Schultea</u> makes it clear that this two-step process . . . is the preferred procedure preceding consideration of a motion to dismiss on grounds of qualified immunity." <u>Todd v. Hawk</u>, 72 F.3d 443, 446 (5th Cir. 1995). In this case, Prater has "been apprised of the insufficiency of [her] conclusory allegations

11

. . . and [has] been afforded an opportunity to plead facts that would overcome the bar of [qualified] immunity." Morrison v. City of Baton Rouge, 761 F.2d 242, 246 (5th Cir. 1985). The Court previously ordered Prater to submit a Schultea reply, and after failing to timely submit one, Prater requested leave to amend her complaint instead, which the Court allowed. The Court "can assume, therefore, that the specific allegations of the amended complaint constitute [Prater's] best case for demonstrating that [the Board Members] acted outside the scope of [qualified] immunity." Id.; see also Campbell v. Harris, No. 3:96cv3220L, 2000 WL 349746, at *4 n.2 (N.D. Tex. Mar. 31, 2000) (citing Morrison and finding that the plaintiff had pled his best case and was not entitled to plead further). Although Prater has not submitted sufficient facts to overcome the Board Members' qualified immunity, the Court will not order an additional Schultea reply.

### III. Conclusion

The Court will grant the Board Members' motion to dismiss Prater's federal constitutional claims against them in their individual capacities. Prater has failed to meet the heightened pleading standard in both her First Amendment retaliation claim and her Fourteenth Amendment disparate treatment claim by failing to allege any specific conduct on the part of the Board Members. The Court will not order additional pleading from Prater related to the defense of qualified immunity because an opportunity for further

factual development has already been afforded her.

Prater's other claims that were not subject to this motion, of course, survive. Her constitutional claims against the County and the Board Members in their official capacities survive this motion, as well as her claims related to unpaid overtime.

## IV. Order

IT IS HEREBY ORDERED that the defendants' Motion to Dismiss Federal Constitutional Claims against Them in Their Individual Capacities Based upon Qualified Immunity is GRANTED.


SO ORDERED this the 18th day of December 2014.

                              /s/ David Bramlette
                              UNITED STATES DISTRICT JUDGE